## Smith's Appeal.   Herr's Estate.

1. Herr by one transaction sold to Smith four bonds of Gerth, on which judgment had been entered, and by endorsement on each, guarantied its payment; Herr made an assignment for the benefit of creditors; afterwards Smith received from the proceeds of sale of Gerth's property under an execution by him, the amount of one of the bonds. *Held*, that Smith was not entitled to receive from Herr's estate a dividend on that bond.

2. The guaranty was subsidiary to the bond and was not the principal obligation for which the bond was transferred.

3. The judgment entered on the first bond having been paid from the sale of Gerth's property, the debt was extinguished.

4. Keim's Appeal, 3 Casey 42; Miller's Appeal, 11 Casey 481; Patten's Appeal, 9 Wright 151, approved.

May 28th 1873.   Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Appeal from the Court of Common Pleas of *Lancaster county :* Of May Term 1873, No 84.

In the distribution of the estate of C. B. Herr, assigned for the benefit of his creditors.

C. B. Herr was the owner of four bonds, executed to him by Frederick Gerth; judgment had been entered on these bonds against Gerth in the Court of Common Pleas of York county : one entered to January Term 1865, and revived to April Term 1870, for $1566; one for $1000; one for $482.59; one for $154.90; the lien of the last three was subsequent to the judgment first mentioned; there were also lien creditors of Gerth subsequent to his first judgment and before the others.

On the 1st of June 1870, Herr applied to A. Herr Smith, Esq., to purchase these bonds; Mr. Smith purchased them and at the time of purchase the following endorsement (*mutatis mutandis*) was made on each of them.

"For value received, I, C. B. Herr, obligee within named, hereby assign, transfer and set over the within bond, amounting this day to $1566, unto A. Herr Smith, his heirs and assigns, and I further, for value received, guaranty the payment of the said sum, with interest from date, on the 1st of April 1871.   Witness my hand and seal this 1st day of June 1870.

C. C. HERR, Millersville. [SEAL.]

On the 16th of January 1871, Herr made an assignment for the benefit of his creditors.   Smith issued executions on his judgments under which Gerth's property was sold, on the 15th of April 1871, and enough realized from the sale to pay Smith's first judgment in full; but not to pay anything on his subsequent judg-

[Smith's Appeal.]

ments; Mr. Smith received the amount of his first judgment, from J. W. Bittenger, Esq., his attorney.

The estate of Herr was referred to H. B. Swarr, Esq., to report distribution.

He made a report awarding $750.25 on the first judgment, Mr. Smith claiming before him that all the bonds had been assigned to him as a collateral for a loan made to Herr at the time of their assignment, and that Herr's general creditors could not participate in money derived from the sale of Gerth's property.

The report was recommitted to the same auditor, who amongst other things reported :

"Upon a careful consideration of this claim, on the facts presented, the auditor is of the opinion that the endorsements of C. B. Herr on the bonds assigned are not such independent promises to pay the amount due thereon, as to enable Mr. Smith to appropriate the amounts received from Mr. Bittenger, generally, "to the liability of C. B. Herr by virtue of his agreements endorsed on said judgments," as contended for by his counsel. The liability of C. B. Herr on any one of the obligations transferred terminated when the same was paid by the principal, or by the legal appropriation of the money arising out of the judicial sale of his property. This was done in the distribution of the money arising out of said sale, and the amount remaining after paying prior liens, being sufficient to pay and discharge the first of the judgments held by Mr. Smith, and on which the dividend was awarded, and when paid the guaranty so far as it was concerned, ended, and no appropriation of the amount received by Mr. Smith could restore the liability of C. B. Herr on that particular obligation, and therefore it is not entitled to the dividend awarded."    *    *    *

The auditor therefore disallowed the dividend theretofore awarded to Mr. Smith's bond; and after exceptions by Mr. Smith his report was confirmed.

Mr. Smith appealed to the Supreme Court and assigned the decree of confirmation for error.

*D. G. Eshelman* (with whom was *G. M. Kline*), for appellant. —The words of the endorsement were a contract of suretyship: Sherman *v.* Roberts, 1 Grant 261; Campbell *v.* Baker, 10 Wright 243.

A creditor under an assignment is entitled to a dividend as an equitable owner of the assigned estate; the extent of his interest is fixed by the amount of his claim when the assignment was made: Miller's Appeal, 11 Casey 481; Patten's Appeal, 9 Wright 151. The payment from Gerth's estate was not an appropriation in relief of Herr's liability; under the circumstances it was to be appropriated to the debt least secure: Foster *v.* McGraw, 14 P. F. Smith 464; Pierce *v.* Sweet, 9 Casey 157; Johnson's Appeal, 1 Wright 268.

[Smith's Appeal.]

*E. H. Yundt* (with whom were *G. Nauman*, *W. W. Brown*, *N. Ellmaker* and *T. E. Franklin*), for Herr's creditors, appellees.

The opinion of the court was delivered, July 2d 1873, by

WILLIAMS, J.—If the transaction out of which the question in this case arises had been a loan, and the bonds had been transferred as collateral security for its payment, the appellant under the rule settled in Keim's Appeal, 3 Casey 42, and reaffirmed in subsequent cases (Miller's Appeal, 11 Id. 481, and Patten's Appeal, 9 Wright 151), would have been entitled to a dividend out of the assigned estate on the whole amount of his claim.   But the transaction was not a loan ; it was a purchase of the bonds by the appellant, who become the equitable owner.   The seller, out of whose assigned estate the dividend is claimed, by a separate contract endorsed on each bond, guaranteed its payment.   The contract of guaranty was subsidiary to the bond ; it did not constitute the principal obligation for the performance of which the bond was transferred as collateral security, but the contract of guaranty was collateral to the obligation created by the bond.   When, therefore, the judgment which was first entered on one of the bonds, was satisfied out of the proceeds of the sheriff's sale of the obligor's property on which it was a lien, it extinguished the debt and put an end to the liability on the contract of guaranty ; and if so, what right has the appellant to a dividend thereon out of the assigned estate ? If he had purchased but the one bond upon which judgment was first entered and which was satisfied out of the proceeds of the sheriff's sale, it would hardly be pretended that he would be entitled to a dividend.   But why should his purchase of three other bonds entitle him to a dividend on all of them, when one has been paid ? They were of different dates, and for different amounts, having no connection with each other, and their payment was guaranteed by separate and independent contracts.   If either had been paid by the obligor it would have extinguished the debt and the collateral contract guaranteeing its payment.   There can be no doubt that the satisfaction of the judgment out of the proceeds of the sheriff's sale extinguished the obligor's liability for the whole debt for which it was obtained ; and it follows as a necessary corollary that the assignor's liability on the contract of guaranty was also extinguished.   If then the bond and guaranty were both extinguished, there was no debt or liability upon which the appellant was entitled to a dividend.   The court below was therefore clearly right in deciding that he was entitled to a dividend only upon the bonds which had not been paid.

Decree affirmed at the costs of the appellant.